IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SEAN W. MOORE,

Petitioner,

v.

COURT OF APPEALS OF WISCONSIN,
DISTRICT FOUR,

Respondent.

OPINION and ORDER

26-cv-104-jdp

SEAN W. MOORE,

Petitioner,

v.

SHERIFF RICHARD MEISTER,

Respondent.

OPINION and ORDER

26-cv-147-jdp

Sean Moore, proceeding with counsel, filed the two above-captioned cases that this court has opened as petitions for a writ of habeas corpus under 28 U.S.C. § 2254. In both cases, Moore seeks relief from his 2021 convictions for false imprisonment, intimidation of a victim, battery, disorderly conduct, and bail jumping in *State v. Moore*, La Crosse County Case No. 2020CF324.[1] Moore raises several claims of ineffective assistance of trial counsel.

Moore's petition in Case No. 26-cv-147-jdp is a properly filled-out § 2254 petition form. His filing in Case No. 26-cv-104-jdp is only a cursory document akin to a brief. Moore paid the fee in the '147 case but not in the '104 case. It was unnecessary for Moore to submit both filings separately; I will consider them together. I will dismiss the '104 case and I will

---

[1] Available at https://wcca.wicourts.gov.

waive the filing fee for it. But because he filed that case first, I will consider that to be the filing date of his petition.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. I conclude that Moore's habeas petition likely must be dismissed because it is untimely. I will give Moore a short deadline to show cause why the case should not be dismissed.

ANALYSIS

Following Moore's 2021 conviction, he filed an appeal challenging his conviction and the denial of a postconviction motion. The Wisconsin Court of Appeals denied that appeal. *State v. Moore*, 2024 WI App 32. Moore filed a petition for review that was denied by the Wisconsin Supreme Court on September 11, 2024.

Petitions brought under § 2254 have a one-year statute of limitations that begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Moore did not seek review by the United States Supreme Court, his conviction became final 90 days after the Wisconsin Supreme Court denied his petition for review, which means that his conviction became final on December 10, 2024. *See Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United State Supreme Court). So Moore's time to file his petition ran out on December

2

10, 2025. But Moore waited until almost a month after that to submit his petition in the '104 case—that petition is dated January 5, 2026.

There are two ways that Moore could overcome his untimeliness. First, Moore could show that that he is entitled to equitable tolling. To receive equitable tolling, he must show that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Second, Moore could show that he is entitled to an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). To establish an actual-innocence claim, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To qualify for this narrow exception, the petitioner must provide "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. These exceptions to untimeliness are rare.

In his petition, Moore makes what I take to be an argument for equitable tolling: he states that Wisconsin Supreme Court staff ignored a letter he wrote in May 2025 asking when the Supreme Court would rule on his petition for review, which appears to show that Moore wasn't aware of the denial of his petition for review until long after it was actually denied. But Moore doesn't explain enough about when he learned of that denial and why it took him so long to find out.

Before dismissing Moore's petition, I will give him a short time to respond by explaining the details of his request for equitable tolling or by making a showing of actual innocence. If Moore does not respond to this order by the deadline set below, I will dismiss his petition.

ORDER

IT IS ORDERED that:

1.  Case No. 26-cv-104-jdp is DISMISSED.

2.  Petitioner's filing fee in the '104 case is WAIVED.

3.  Petitioner may have until April 17, 2026, to respond to this order as directed in the opinion above.

Entered March 27, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge